# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CRIMINAL ACTION NO. 5:16-CR-00020-TBR

UNITED STATES OF AMERICA,                                      Plaintiff,

v.

JEFFREY DESMOND CARTER,                                  Defendant.

## MEMORANDUM OPINION AND ORDER

In 2016, Jeffery Desmond Carter was indicted on twenty-five counts of producing child pornography, one count of receiving child pornography, and one count of sex trafficking. He now asks this Court to suppress all statements he made following the search of his home one year prior. Although he signed a written waiver of his rights before speaking with law-enforcement officers, Carter argues that his decision was not knowing, intelligent, or voluntary. Having considered the totality of the circumstances, the Court concludes otherwise. Accordingly, Carter's Motion to Suppress, [R. 24], is **DENIED**.

### I.

### A.

In 2015, Investigator Mike Robinson of the Murray Police Department obtained a warrant to search a home in Murray, Kentucky as part of a child pornography investigation targeting Jeffrey Desmond Carter. Investigator Robinson, along with officers from the Calloway County Sheriff's Department and Kentucky State Police, executed that search warrant on February 10. The group found Carter inside, handcuffed

1

him, and escorted him outside where Investigator Robinson read a copy of the search warrant to him.[1] Subsequently, Carter was transported to the Murray Police Department.

No one attempted to question Carter prior to him arriving at the stationhouse. Once there, law-enforcement officers removed Carter's handcuffs and placed him in an interview room. The resulting interview, which lasted a couple of hours, was recorded. Before beginning the interview, Investigator Robinson read Carter his *Miranda* rights, and Carter acknowledged that he understood them. Investigator Robinson then presented Carter with a written document explaining his *Miranda* rights and waiving them. Investigator Robinson allowed Carter to read that form, and Carter signed it, indicating he understood his *Miranda* rights and agreed to waive them.

During the course of the interview, Carter made a number of incriminating admissions. But Carter neither requested an attorney, nor asked that the questioning stop. No one promised him leniency or threatened him. He was allowed to take breaks, go to the bathroom, and request food or drink. Eventually, Investigator Robinson asked Carter to make a written statement about his alleged unlawful contact with various children. Carter agreed, and Investigator Robinson left the room while Carter wrote a statement. When Carter finished, he was arrested and taken to the Calloway County Jail.

**B.**

In 2016, a federal grand jury returned an indictment against Carter, charging him with twenty-five counts of producing child pornography (18 U.S.C. § 2251(a)), one count of receiving child pornography (18 U.S.C. § 2252A(a)(2)(B)), and one count of sex trafficking (18 U.S.C. § 1591(a)). [R. 4 at 1–14 (Indictment).] Carter now asks the Court

---

[1] Jeffrey Desmond Carter denies that assertion, but the Court finds Investigator Mike Robinson to be the more credible witness on this issue.

to suppress all statements he made during the interview discussed earlier. [R. 24 at 1 (Motion to Suppress).] The Court held a suppression hearing on July 5, 2017. [*See* R. 26 at 1 (Scheduling Order); R. 27 at 1 (Order of July 6, 2017).] With the benefit of the testimony elicited at that hearing, the Court turns to the merits of Carter's motion.

## II.

"The Fifth Amendment says that an individual may not be 'compelled in any criminal case to be a witness against himself.'" *United States v. Panak*, 552 F.3d 462, 465 (6th Cir. 2009) (quoting U.S. Const. amend. V). In order to safeguard that right, law-enforcement officers must inform a suspect of his rights under the Fifth Amendment—including his right to remain silent in response to the officers' questions, and his right to the presence of an attorney—before conducting a custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Absent the requisite *Miranda* warning, "any incriminating responses to questioning may not be introduced into evidence in the prosecution's case in chief." *Pennsylvania v. Muniz*, 496 U.S. 582, 589 (1990).

Of course, a person may waive his Fifth Amendment rights, provided he does so voluntarily and knowingly and intelligently. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). A waiver is voluntary if it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010) (quoting *Moran*, 475 U.S. at 421). Put differently, "coercive police activity" is required to establish an involuntary waiver. *United States v. Montgomery*, 621 F.3d 568, 573 (6th Cir. 2010) (quoting *Colorado v. Connelly*, 479 U.S. 157, 167 (1986)); *see also United States v. Dunn*, 269 F. App'x 567, 572 (6th Cir. 2008). A waiver is "knowing and intelligent" when "made with a full awareness of both the nature of the right being

abandoned and the consequences of the decision to abandon it." *Berghuis*, 560 U.S. at 382–83 (quoting *Moran*, 475 U.S. at 421). To aid in that inquiry, the Court looks to factors such as "the suspect's 'age, experience, education, background, and intelligence,'" *Montgomery*, 621 F.3d at 573 (quoting *Fare v. Michael C.*, 442 U.S. 707, 725 (1979)), as well as "the length and nature of the questioning, the advice [given] regarding *Miranda* rights, and the use of physical punishment, such as deprivation of food or sleep," *United States v. Hampton*, 572 F. App'x 430, 433 (6th Cir. 2014) (citing *Murphy v. Ohio*, 551 F.3d 485, 511 (6th Cir. 2009)). In evaluating both prongs, the Court "must consider the 'totality of the circumstances surrounding the interrogation.'" *Id.* (quoting *Moran*, 475 U.S. at 421).

### III.

Carter asks the Court to suppress all statements he made to law-enforcement officers as taken in violation of his Fifth Amendment rights.[2] [R. 24 at 1–2.] His motion tasks the Government with showing that he voluntarily and knowingly and intelligently waived his *Miranda* rights prior to the interview with Investigator Robinson. [*Id.*] Because the Government has carried that burden, the Court denies Carter's motion.

First, Carter acted voluntarily when waiving his *Miranda* rights. There is no evidence of any coercion, intimidation, or deception on the part of the law-enforcement officers involved that would make Carter's actions anything less than voluntary. None of the law-enforcement officers promised Carter anything in return for his cooperation. *See United States v. Johnson*, 351 F.3d 254, 261 (6th Cir. 2003) ("Police promises of

---

[2] It appears as if Carter raises a Sixth Amendment challenge to his confession too. [*See* R. 24 at 2 (Motion to Suppress).] However, Carter did not meaningfully develop that theory during the suppression hearing. Regardless, the Court sees no basis to suppress Carter's confession on that ground.

4

leniency and threats of prosecution can be objectively coercive."). The interview lasted no more than a few hours, and Investigator Robinson allowed Carter to take bathroom breaks as needed and provided him with water on at least one occasion. *See Ledbetter v. Edwards*, 35 F.3d 1062, 1069–70 (6th Cir. 1994) (finding three-hour interrogation lasting until 3:00 a.m. to be reasonable and not coercive). Carter voluntarily waived the protections afforded by *Miranda*.

Second, Carter knowingly and intelligently waived his *Miranda* rights. Carter holds a high school diploma and has some college education, along with ten years of military service. *See Hampton*, 572 F. App'x at 435 (finding that a thirty-two-year-old arrestee with a tenth grade education knowingly and intelligently waived his *Miranda* rights). Before the interview, Investigator Robinson advised Carter of his *Miranda* rights, and Carter waived his rights not only orally, but also in writing. *See Jackson v. McKee*, 525 F.3d 430, 436 (6th Cir. 2008) (finding knowing and intelligent waiver in similar circumstances). Carter stated that he understood his rights both then and at the suppression hearing. At no point did Carter indicate he wished to remain silent or speak to an attorney. In short, he knowingly and intelligently waived his *Miranda* rights.

## IV.

**IT IS HEREBY ORDERED** that Carter's Motion to Suppress, [R. 24], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record