# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CRIMINAL ACTION NO. 5:16-CR-20-TBR

UNITED STATES OF AMERICA,                                              PLAINTIFF

v.

JEFFREY DESMOND CARTER,                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Motion to Continue Trial Date, [R. 67], by the plaintiff, United States of America (hereinafter "the Government"). The defendant, Jeffrey Carter, responded, [R. 69]. This matter is ripe for adjudication. For the reasons stated herein, the Government's Motion to Continue Trial Date, [R. 67], is **GRANTED**.

On October 18, 2016, Carter was charged in an indictment with twenty-five counts of Production of Child Pornography, one count of Receipt of Child Pornography, and one count of Sex Trafficking of a Minor. [R. 4.] On August 22, 2017, Carter entered please of guilty and/or nolo contendere to all twenty-seven counts of the Indictment at a hearing in front of Magistrate Judge King. [R. 32.] After Carter's sentencing was continued three times by defense counsel, [R. 41; R. 49; R. 51], and previous defense counsel withdrew from the case, [R. 53]. On March 23, 2018, Carter was appointed new counsel, who moved to withdrawal Carter's pleas, [R. 58]. After a hearing and briefing from the parties, the Court granted Carter's Motion to Withdraw Plea on August 31, 2018, [R. 63]. At that time, this matter was set for trial by jury on March 25, 2019. [R. 62.]

As explained by the Government, approximately four weeks ago, counsel for the Government was informed that the Government's previously identified expert computer forensic examiner, employed by the Federal Bureau of Investigation (FBI) and assigned to the Kentucky Regional Computer Forensic Laboratory (KRFCL), was the subject of a pending disciplinary action. [R. 67 at 1-2.] Currently, that expert is suspended from his employment pending the final resolution of the FBI administrative process. [*Id*.] Thus, the Government is unable to properly prepare for trial by consulting with said expert who conducted all of the forensic examinations of the devices. [*Id*. at 2.] The Government states that these devices, and their contents, "comprise a large share of the proof that the United States will present at the trial of this case" and they contain "large numbers of images and videos of child pornography." [*Id*.] The Government has obtained an additional search warrant authorizing the FBI and KRCFL to conduct a new search of the devices in question, but the FBI and KRCFL estimate that the reports related to such a search would not be available until late March or early April of 2019. [*Id*. at 3.] Furthermore, the Government explains that once those reports are received, it will "need time to review and disclose or make available, as appropriate, discoverable materials to the defendant." [*Id*.]

As a result of these recent events, the Government argues that a continuance of the trial is necessary for three reasons:

1

(1) that the failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice (see 18 U.S.C. § 3161(h)(7)(B)(i)); (2) that this case is unusual and complex due to the nature of the prosecution and that extra time to permit preparations for trial is reasonable (see 18 U.S.C. § 3161(h)(7)(B)(ii)); and/or (3) that failure to grant a continuance would deny counsel for the government the reasonable time necessary for effective preparation for trial (see 18 U.S.C. § 3161(h)(7)(B)(iv)).

[*Id*.] Accordingly, the Government contends that "the time between March 25, 2019 and the potential new trial date is properly excludable from the time allowed for a speedy trial." [*Id*.] The Court agrees.

"[T]he Speedy Trial Act comprehensively regulates the time within which a trial must begin," and also provides "numerous categories of delay that are not counted in applying the Act's deadlines." *Zedner v. United States*, 547 U.S. 489, 500 (2006). To exclude a delay from the speedy trial calculation, the Court must "set[ ] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(B)(iv).

Here, extra time is required for a just resolution of Carter's case. As the Court stated in its Order on February 19, 2019, this case is declared complex due to the number of documents involved and the nature of the prosecution, and it is unreasonable to expect adequate preparation for pretrial proceedings, or the trial itself, within the time limits established. [R. 68.] The Sixth Circuit has stated that "[g]ranting a continuance based on the complexity of a case is statutorily appropriate and has been established in case law as adequate." *United States v. Stone*, 461 F. App'x 461, 465 (6th Cir. 2012); *see also United States v. Richardson*, 681 F.3d 736, 740 (6th Cir. 2012) (same). An improperly rushed trial, requiring an appeal and retrial, would cause a much longer delay—ultimately denying Carter's interest in a speedy trial. Furthermore, the public's interest in a just resolution of this case requires properly prepared counsel. Thus, despite Carter's objection, the Court finds that "the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(B)(iv).[1] The Court will grant a continuance of the trial of this case until middle of June 2019, and will exclude the period of delay from the time allowed for a speedy trial.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: The Government's Motion to Continue Trial Date, [R. 67], is **GRANTED**. The jury trial set on March 25, 2019 is **VACATED.**

1. **The jury trial is set on June 17, 2019 at 9:00 a.m. Counsel shall meet in chambers at 8:30 a.m.**

---

[1] The Court acknowledges that Defendant Carter filed a brief Objection in which he argues further delay of his trial would be in violation of his constitutional right to a speedy trial due to his already lengthy pre-trial incarceration. [R. 69.] However, due to the reasons explained above, the Court finds that the ends of justice served by granting a continuance outweigh Carter's complaint of a lengthy pre-trial incarceration. Furthermore, the Court notes that part of the delay in Carter's pre-trial incarceration is due to continuances granted in favor of defense counsel as well as the complications involving Carter's withdrawal of pleas—which is was also granted in Carter's favor.

2. **A TELEPHONIC FURTHER PROCEEDINGS is set on April 30, 2019 at 8:45 a.m. The Court shall place the call.**

3. The Government shall provide 404(b) evidence **three weeks prior to trial.** Any objections by defendant shall be filed within 7 days.

4. Fourteen days prior to trial counsel shall file an exhibit list of exhibits they intend to introduce as evidence in chief and allow opposing counsel to inspect the exhibit. Any objection to the listed exhibits shall be filed 7 days prior to trial.

5. At least 7 days prior to trial, counsel are directed as follows:

(A) PRETRIAL MEMORANDUM. A pretrial memorandum shall be filed by counsel for the United States and may be, but is not required to be, filed by any defendant. The following format shall be followed for the pretrial memorandum:

I. STATUTE INVOLVED AND ELEMENTS OF THE OFFENSE (with discussion of authorities, if disputed)

II. STATEMENT OF FACTS (optional for defendant)

III. SUBSTANTIVE ISSUES OF LAW WITH CITATIONS OF AUTHORITIES
(Defects in the indictment, defense of entrapment, constitutional issues, *Miranda*, illegal search, elements of conspiracy, etc. All issues to be separately stated and discussed.)

IV. EVIDENTIARY ISSUES
(Any problems in putting on case, e.g. *Bruton* rule, learned treatises, line-up, authenticity of documents, mugshots, previous convictions, qualifications of experts, etc. -- with specific reference to Federal Rules of Evidence involved and pertinent authorities as to admissibility or non-admissibility of any expected controversial evidence.)

V. INSTRUCTIONS
File proposed jury instructions on the substantive law of the case.

(B) PROPOSED VOIR DIRE QUESTIONS.
(The Court will conduct voir dire.)

6. At the commencement of trial, U. S. Attorney shall furnish the official court reporter a list of pre-marked exhibits intended to be used at trial.

7. The U. S. Attorney shall retain possession of physical exhibits (i.e., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

**IT IS SO ORDERED**.

cc: Counsel of Record

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge
United States District Court**

February 27, 2019