UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 5:16-CR-20-TBR
CIVIL ACTION NO. 5:22-CV-113-CRS

JEFFREY DESMOND CARTER                                                 MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                         RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

Jeffrey Desmond Carter filed a *pro se* motion to vacate, set aside, or correct his sentence and conviction pursuant to 28 U.S.C. § 2255. DN 181. The United States responded by filing a Motion to Dismiss. DN 187. Both motions were referred to Magistrate Judge Lanny King for findings of fact and recommendations for their disposition. DN 182. On February 16, 2023, Judge King issued a Report and Recommendation concluding that Carter's § 2255 motion should be denied, that the United States' motion to dismiss should be granted, and that Carter should be denied a certificate of appealability. DN 195. On April 3, 2023, Carter filed timely Objections to the Report. DN 199. This matter is now before the Court for consideration of Carter's Objections. For the reasons stated below, the Court finds no merit in Carter's Objections and will therefore adopt Judge King's Report as the opinion of this Court.

**PROCEDURAL POSTURE**

Between 2013 and 2015, Carter solicited pornographic images and videos from teenage girls and filmed himself abusing them. *United States v. Carter*, 827 F. App'x 573 (6th Cir. 2020); Presentence Investigation Report, DN 117 at 1481-97. After one of the victims reported the crime, law enforcement located Carter's residence through his IP address and searched his apartment. *Carter*, 827 F. App'x at 573. On October 18, 2016, a grand jury returned an indictment charging

1

Carter with twenty-five counts of producing child pornography, one count of receiving child pornography, and one count of child sex trafficking. Indictment, DN 4 at 40-53. Carter took the case to trial, and on September 27, 2019, a jury convicted him on all counts. Jury Verdict Form, DN 110 at 1363-89. The Court sentenced him to life in prison. Judgment and Commitment Order, DN 126 at 1572.

On October 26, 2020, the Sixth Circuit affirmed Carter's convictions upon direct appeal. *Carter*, 827 F. App'x. On December 14, 2020, the Sixth Circuit issued its mandate for the case, DN 167, but it later revoked this mandate and granted Carter an extension of time until January 28, 2021 to file a petition for rehearing en banc. DN 168. Carter failed to file any petition, and on April 5, 2021, the Sixth Circuit reissued its mandate. DN 171. Carter did not file a petition for a writ of certiorari with the United States Supreme Court.

On February 25 and March 8, 2021, Carter filed two *pro se* letters inquiring after his deadline to file a 28 U.S.C. § 2255 motion and requesting an extension of time. DN 169, 170. The Court construed the letters as motions for an extension and on April 9, 2021, it denied both motions, explaining that "the Court has no discretion to extend the statutorily imposed limitations period prior to the filing of the § 2255 motion." Order, DN 172 at 2384 (*citing United States v. Asakavich*, 810 F.3d 418, 419-20 (6th Cir. 2016)). The Court also stated that "Defendant's appeal is still pending" and that "[b]ecause Defendant's judgment of conviction is not yet final, the § 2255 one-year statute of limitations has not started to run, and no extension is necessary." Order, DN 172 at 2383-84. On January 31, 2022, Carter filed another *pro se* motion for extension. DN 179. The Court denied the motion, again explaining its inability to extend the time for filing. Order, DN 180 (*citing Asakavich*, 810 F.3d at 419-20).

2

**BACKGROUND**

On August 29, 2022, Carter filed a motion to vacate, set aside, or correct his sentence in accordance with 28 U.S.C. § 2255. DN 181. Carter presented fifteen arguments in support of his motion, fourteen of which concerned ineffective assistance of counsel and one of which rested on the Supremacy Clause. Memorandum in Support, DN 181.1. In response, the United States filed a motion to dismiss on the grounds that Carter's motion was untimely and Carter was not entitled to equitable tolling. DN 187. This Court referred both motions to Magistrate Judge King. Order, DN 182.

Judge King began by considering the motion to dismiss for untimeliness. Report, DN 195 at 2504. Judge King found that Carter's § 2255 motion was untimely, explaining that under § 2255(f) and the Supreme Court's COVID-19 Extension Order, Carter's time to file his motion expired on March 25, 2022. *Id.* at 2504-05. Because Carter did not file his motion until August 29, 2022, Judge King concluded that Carter's motion was approximately five months late. *Id.* at 2505. Judge King next found that Carter was not entitled to equitable tolling, reasoning that no extraordinary circumstance prevented Carter from timely filing his § 2255 motion. *Id.* at 2506. Finally, Judge King recommended that due to this plain procedural bar to Carter's motion, Carter should be denied a certificate of appealability. *Id.* at 2507. Because Judge King recommended dismissal for untimeliness, he did not consider the merits of Carter's § 2255 motion.

On April 3, 2023, Carter timely filed Objections to the Report. Objections, DN 199. First, Carter objected to Judge King's finding that the motion was untimely. *Id.* at 2516. He argued that Judge King improperly failed to defer to the Court's April 9, 2021 "finding of fact" that Carter's appeal was still pending. *Id.* at 2518. Carter contended that because the government never challenged the order, the Court's finding "must be given full deference," notwithstanding § 2255(f)

3

and Supreme Court Rule 13.3. *Id*. Relying on this premise, Carter calculated that his time to file his motion expired on September 7, 2022, thus making his August 29, 2022 filing timely. *Id*. at 2518-19. Second, Carter objected to Judge King's conclusion that equitable tolling was not warranted. *Id*. at 2521. Carter argued that if the Court's statement was indeed erroneous, then Carter was reasonably misled, and he was thus entitled to equitable tolling. *Id*. at 2522. Finally, Carter argued that equitable tolling was warranted due to the prison procedures implemented in response to COVID-19 during his period of limitation. *Id*. at 2523. Carter did not present any objection to Judge King's recommendation against a certificate of appealability.

## **LEGAL STANDARD**

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which a party has filed a timely and specific written objection. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3). Specific objections "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Arroyo v. Comissioner of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (citations omitted). To the extent that no objection is filed, the arguments are waived. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 147–48 (1985). The Court may accept, reject or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

**A. Carter's § 2255 motion was untimely.**

In finding Carter's § 2255 motion untimely, Magistrate Judge King explained that under § 2255(f)(1), Carter had a 1-year period in which to file his motion, running from the date on which his judgment of conviction became final. Report, DN 195 at 2504. Judge King further explained that when the Court of Appeals affirms a conviction, but the movant does not file a petition for certiorari with the Supreme Court, the judgment of conviction becomes final when the time for filing such a petition expires. *Id*. Judge King also noted that while the time to file a petition for certiorari is ordinarily ninety days after the entry of the final judgment, the Supreme Court extended the time to 150 days in response to the COVID-19 pandemic. *Id*. at 2505. Judge King then applied these rules to the following facts: the Sixth Circuit affirmed Carter's conviction on October 26, 2020, and Carter did not file a petition for rehearing en banc by his January 28, 2022 deadline. *Id*. Carter thus had 150 days from the October 26, 2020 decision—or until March 25, 2021—to petition the Supreme Court. *Id*. Because Carter did not file any such petition, his period of limitation began on March 25, 2021 and expired one year later on March 25, 2022. *Id*. Carter filed his § 2255 motion on August 29, 2022. *Id*. Accordingly, Judge King concluded that Carter's motion was approximately five months late. *Id*

The Court finds no error of fact or law in Judge King's analysis, and Carter offers none. Instead, Carter presents an alternative calculation of his deadline. Objections, DN 199 at 2517. Carter first points to the Court's April 9, 2021 order denying his motions for extension, which erroneously stated that "Defendant's appeal is still pending." *Id*.; *see* Order, DN 172 at 2383. For the purposes of calculating his deadline, Carter treats this order as if it were the entry of judgment or order sought to be reviewed ("the end of his appeal"). Objections, DN 199 at 2517. To support

this premise, Carter argues that regardless of the law cited by Judge King, the Court's "finding of fact" that his appeal was still pending was entitled to "full deference" because the government never challenged the statement. *Id*. at 1518. That is, Carter contends that the Court's April 9, 2021 order somehow trumps the governing law. *Id*. Accordingly, he contends that his time to file his § 2255 motion expired on September 7, 2022 ("April 9 plus 150 days to petition for a writ of certiorari to the Supreme Court equals September 7, 2021, one year later, September 7, 2022"). *Id*. at 1517. Carter cites no authority for these propositions. *See id*.

As well, Carter presented essentially the same argument to Magistrate Judge King such that his objection amounts to no more than a disagreement with the result. *See* Reply, DN 192 at 2486-88. As such, his "objection" is "tantamount to an outright failure to lodge objections." *Arroyo*, No. 14-14358, 2016 WL 424939, at *3 (citations omitted). The Court will overrule it for this reason. Regardless, Carter's argument has no merit. The operative dates by which to calculate Carter's period of limitation are governed by Rule 13.3 and § 2255(f), not by the order of the Court. *See* U.S. Sup. Ct. R. 13.3; 28 U.S.C. § 2255(f). Because Carter did not file a petition for rehearing en banc, the Sixth Circuit's October 26, 2020 decision was the "judgment or order sought to be reviewed" for the purpose of Carter's 150-day time limit to petition the Supreme Court. *See* U.S. Sup. Ct. R. 13.3. The Court's April 9, 2021 order does not affect the analysis of timeliness. Thus, even if Carter's presentation of this argument were proper, it is without merit.

## B. Carter is not entitled to equitable tolling.

Magistrate Judge King also found that Carter is not entitled to equitable tolling. Report, DN 195 at 2505. Judge King first considered the Court's statement in its April 9, 2021 order that Carter's appeal was still pending. *Id*. Judge King acknowledged that the Court's statement was erroneous, noting that "the Court apparently was unaware that [Carter] did not file a petition for

rehearing on or before January 28, 2021, and that the Sixth Circuit had recently (on April 5, 2021) entered its mandate, which published finality of its decision on October 26, 2020." *Id*. at 2506. However, Judge King found that this error did not warrant equitable tolling. *Id*. He explained that under *Holland v. Florida*, equitable tolling is only available when the movant demonstrates "that (1) he was pursuing his rights diligently and (2) some extraordinary circumstance stood in the way and prevented timely filing." *Id*. (*quoting* 560 U.S. 631, 649 (2010)). Judge King reasoned that "[w]hile the error may have reasonably caused Movant to believe that his appeal was pending as of April 9, 2021 . . . [it] did not reasonably cause Movant to believe that his appeal would remain pending indefinitely." *Id*. He further reasoned that Carter had a "duty to monitor the status of his appeal," *Id*. (*quoting Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001)) and that "[d]istrict courts have no duty to calculate the 1-year period of limitation for Movants". *Id*. at 2507 (*quoting Pliler v. Ford*, 542 U.S. 225, 231 (2004)). Accordingly, Judge King concluded that "[n]o extraordinary circumstance prevented Movant from discovering that his appeal had become final after the Order on April 9, 2021, but well before March 25, 2022, when his 1-year period of limitation expired." *Id*. at 2506.

Carter objects to Judge King's finding on two grounds. First, he argues that if the Court's April 9, 2021 statement was erroneous, then he was reasonably misled and equitable tolling must apply. Objections, DN 199 at 2521-22. At the same time, Carter concedes that the Court had no duty to calculate his deadline for him but maintains that the Court's decision to determine that the appeal was still pending constituted an extraordinary circumstance that prevented his timely filing. *Id*. at 2522. Second, Carter argues that "unusual" prison procedures implemented in response to the COVID-19 pandemic during his 1-year period of limitation also prevented his timely filing. *Id*. at 2523. Carter contends that in light of these modified operations, "it would be unrealistic,

7

unreasonable, and defy the laws of the time to believe any inmate could prepare any legal documents in a meaningful, effective, or competent fashion." *Id*.

Here again, Carter's objections are no more than a reassertion of arguments previously presented to Judge King. *See* Reply, DN 192 at 2488-91. As such, they are waived. *Arroyo*, No. 14-14358, 2016 WL 424939, at *3 (citations omitted). The Court will overrule them for this reason. At the same time, neither of Carter's objections have merit. As Judge King correctly explained, the Court's error did nothing to prevent Carter from discovering the date at which his clock began to run, nor did it relieve him of his duty to monitor the status of his appeal. *See* Report, DN 195 at 2506. And Carter offers little explanation as to how the modified prison operations prevented him from filing his § 2255 motion within his 1-year period of limitation. *See* Objections, DN 199 at 2523. Thus, even if these arguments were properly presented, Carter has not shown that an extraordinary circumstance prevented his timely filing. *See, e.g.*, *United States v. Garcia-Guia*, No. 3:07-CR-81, 2013 WL 5329232, at *2 (S.D. Ohio Sept. 20, 2013) ("As a general matter, it is difficult to show that prison lockdowns and restricted access to the law library present extraordinary circumstances that justify equitable tolling. A defendant must prove a causal connection between the alleged lockdowns and his inability to timely file his motion.") "The party seeking equitable tolling has the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Carter has not met his burden.

Next, the only portion of Carter's objection that could be construed as new is his citation to the Ninth Circuit's decision in *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2013) which held that a petitioner was entitled to equitable tolling under § 2244(d) when he was "affirmatively misled" by a magistrate judge's order extending the filing deadline beyond the statutory limitation. *Id*. at 1233. In that case, the magistrate judge erroneously "granted a date certain" by which Sossa could file

8

an amended petition. *Sossa*, 729 F.3d at 1231. The Ninth Circuit reasoned that Sossa "premised his request to extend the time for filing an amended petition on the understanding that if the request were granted and Sossa filed his amended petition by the new due date, the petition would be deemed timely," and that "[b]y granting Sossa's request and setting the new deadline . . . the magistrate judge conveyed that the premise of Sossa's request was accurate." *Id*. at 1233.

In finding that Sossa was affirmatively misled, however, the Ninth Circuit distinguished Sossa's circumstances from those in *Brambles v. Duncan*. *Sossa*, 729 F.3d at 1232. In *Brambles*, the district court presented a *pro se* petitioner with the option to dismiss his petition with prejudice without informing him that his 1-year period of limitation had expired. *Brambles v. Duncan*, 412 F.3d 1066, 1068–70 (9th Cir. 2005). The Ninth Circuit nevertheless held that the district court's contemporaneous warning that § 2244 limits the time period within which a petition may be filed cured the risk of misleading the petitioner. *Id*. at 1068-69. In other words, the district court's warning "was sufficient to prevent the petitioner from being affirmatively misled by the district court's order." *Snyder v. Grounds*, No. CV 13-1965-PSG RZ, 2015 WL 1524583, at *6 (C.D. Cal. Mar. 3, 2015) (*citing Brambles*, 412 F.3d at 1068-69; *Sossa,* 729 F.3d 1232 n. 7).

Here, both of the Court's orders denying Carter extensions of time accurately informed Carter that he had one year from the date on which his judgment of conviction became final to file his § 2255 motion. *See* Order, DN 172; Order, DN 180. Moreover, while the magistrate judge in *Sossa* issued his order for the express purpose of permitting Sossa to file his petition on a later, specified date, the Court here did not grant any "date certain" by which Carter's petition would be deemed timely. *See* Order, DN 172. Nor did the Court otherwise offer Carter any permission to file beyond his deadline or calculation regarding his deadline. *See id*. Thus, this case is more akin to *Brambles* than to *Sossa*: nothing in the Court's April 9, 2021 order can be construed as relieving

Carter of his duties to monitor his appeal, diligently pursue his rights, and calculate his deadline. Also, the Court's repeated warnings to Carter about his period of limitation were sufficient to prevent Carter from being affirmatively misled by the Court's error. Thus, to the extent Carter's objection rests on *Sossa*, it is without merit and will be overruled.

    **C. Carter is not entitled to a certificate of appealability.**

In recommending that the Court deny Carter a certificate of appealability, Magistrate Judge King explained that when the Court denies a habeas petition on procedural grounds without reaching the prisoner's constitutional claims, a certificate of appealability should only issue if the prisoner shows: (1) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Report, DN 195 at 2507 (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Judge King concluded that when, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further," and no certificate of appealability should issue. *Id*. (*quoting Slack*, 529 U.S. at 484).

These are the correct legal standards, and the Court finds no error in Judge King's analysis. Carter did not object to this recommendation, and he has thus waived any review of this finding. *Thomas*, 728 F.2d at 815. Accordingly, the Court will adopt this portion of Judge King's report.

A separate order and judgment will be entered this date in accordance with this Memorandum Opinion.

September 24, 2024



Charles R. Simpson III, Senior Judge
United States District Court